UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND, INDIANA

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STEVEN JOHNSON, B.B.D. MANAGEMENT ) <br> LLC d/b/a TOO MUCH TEMPTATIONS, and ) <br> DANIEL GAMEZ ) <br> ) <br> Defendants. | Case No. 2:17-cv-00301 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Nautilus Insurance Company ("Nautilus"), by counsel, for its Complaint for Declaratory Judgment, states as follows:

### I.

### Parties, Venue and Jurisdiction

1. At all times relevant, plaintiff Nautilus was an insurance company incorporated and duly authorized and existing under the laws of the State of Arizona, with its principal place of business in Scottsdale, Arizona. Pursuant to 28 U.S.C. § 1332, Nautilus is a citizen of Arizona.

2. Defendant B.B.D. MANAGEMENT LLC d/b/a TOO MUCH TEMPTATIONS ("B.B.D.") is and was at all times relevant an Indiana corporation with its principal place of business located at 6900 Melton Road, Gary, Indiana 46403, making it a citizen of the state of Indiana.

3. Defendant Steven Johnson ("Johnson") is a citizen and resident of the State of Illinois, residing at 16931 Luella Drive, South Holland, IL 60473; Johnson is a Defendant in a

lawsuit filed in Lake County, Indiana Superior Court, Cause No.: 45D10-1703-CT-00050, seeking damages from him and B.B.D. Management LLC (Exhibit A, "Underlying Complaint").

4. Defendant Daniel Gamez ("Gamez") is a citizen of the State of Indiana and a resident of Lake County, Indiana; Gamez is Plaintiff in a lawsuit filed in Lake County, Indiana Superior Court, Cause No.: 45D10-1703-CT-00050, seeking damages from B.B.D. Management LLC and Steven Johnson (Exhibit A, "Underlying Complaint").

5. On or about March 11, 2015, an assault, battery, and/or physical altercation occurred outside or near Too Much Temptation, located at 6900 Melton Road, Gary, Indiana. Defendant (Underlying Plaintiff) Gamez was allegedly injured when he was shot on the premises. (Exhibit A, Underlying Complaint, par. 7)

6. The amount in controversy, exclusive of interest and costs of the instant matter, including the claimed damages as well as the cost and expense of any defense and indemnity, exceeds Seventy Five Thousand Dollars ($75,000.00).

7. Pursuant to 28 U.S.C. §1332, this Court has diversity jurisdiction over this matter.

8. Pursuant to 28 U.S.C. § 1391, venue lies in the Hammond Division of the Northern District of Indiana because all of the defendants reside or conduct business in Lake County, Indiana, the policy was issued in Lake County, Indiana, the Underlying Complaint is pending in Lake County, Indiana, and all events pertaining to this claim occurred in Lake County, Indiana.

## II.

## General Allegations

9. Nautilus issued a Commercial General Liability insurance policy to Too Much Temptation, Inc.[1] under policy number NN486910 for the policy period August 8, 2014 to August 8, 2015. A true and accurate copy of the Nautilus CGL policy issued to Too Much Temptation, Inc. is attached hereto as Exhibit B.

10. Nautilus does not believe that the Nautilus CGL policy issued to Too Much Temptation, Inc. provides any coverage for the claims that have been or might be asserted by Gamez arising out of the alleged assault, battery, or physical altercation outside the Too Much Temptation Gentleman's Club.

11. According to the terms of the Nautilus CGL policy, attached hereto as Exhibit B, there is no coverage applicable to claims that have been or may be made, including the Underlying Complaint filed by Gamez arising out of the shooting because the circumstances of the attack did not result in "bodily injury'' caused by an "occurrence" as required for coverage under Section 1.1.b.(1) of the CGL coverage form (Exhibit B).

12. Furthermore, according to the terms of the Nautilus CGL policy, attached hereto as Exhibit B, exclusions bar any coverage applicable to the Underlying Complaint and any claims that have been or may be made by Gamez arising out of the shooting, including but not limited to the "All Assault or Battery" exclusion (Exhibit B) and/or the "Weapons" exclusion (Exhibit B).

13. The policy further excludes coverage for any claim for "punitive damages" under Endorsement L217 included in the terms of the Nautilus CGL policy.

---

[1] B.B.D. Management, LLC operated the Too Much Temptation Gentleman's Club. There does not appear to be a registered corporation under the name Too Much Temptation.

14. Specifically, the Underlying Complaint alleges:

- "Daniel Gamez was violently wounded when an employee of the Defendants or other person on the premises shot him at the establishment. Said shooting constituted and resulted from a negligent failure to provide a safe environment for plaintiff and a negligent failure to exercise reasonable care for his safety." (par. 7).

- "That on said date, the Defendants were negligent in failing to provide a reasonably safe environment for the conduct of business and failing to exercise reasonable care for safety of Plaintiff, which resulted in severe injuries to Plaintiff." (par. 8).

- Plaintiff seeks "a sum which will reasonably compensate him, prejudgment and post-judgment interest, costs and attorneys' fees in the event the defendants raise a groundless or frivolous defense, plus punitive damages all other proper relief."

15. The Nautilus CGL Policy All Assault or Battery Exclusion precludes coverage for any "bodily injury" that arises out of any "actual or alleged assault or battery; physical altercation; or any act or omission in connection with the prevention or suppression of such acts, including the alleged failure to provide adequate security." (Exhibit B, Endorsement L210).

16. The Nautilus CGL Policy All Assault or Battery Exclusion further provides Nautilus "will have no duty to defend or indemnify any insured in any action or proceeding alleging damages arising out of any assault or battery, or physical altercation."  The remaining language of the exclusion further precludes coverage for various claims or allegations, including those raised in the Underlying Complaint.

17. The Nautilus CGL Policy Weapons exclusion precludes coverage for any "bodily injury" arising out of the use of any weapon, including a firearm.

18. The allegations contained in the Underlying Complaint clearly allege an assault or battery resulting in Gamez being shot by an employee of Johnson and/or B.B.D. or other person, and is seeking damages arising out of that assault, battery, and use of firearm.  As such, the

4

allegations contained in the Underlying Complaint are expressly excluded from coverage under the Nautilus CGL Policy issued to Too Much Temptation, Inc.

19. Further, B.B.D. Management, LLC is not an insured on the policy at issue.

20. Gamez' Underlying Complaint includes a request for punitive damages. Such damages are expressly and unambiguously excluded from coverage under the terms of the policy.

21. For these and any other reasons that may become apparent, which additional reasons Nautilus reserves the right to raise, no insurance coverage is owed to Steven Johnson or B.B.D. Management, LLC, and Nautilus owes no duty to defend or indemnify Steven Johnson or B.B.D. Management, LLC, pursuant to Nautilus's CGL policy number NN486910 with respect to claims and/or lawsuits arising out of the March 11, 2015 shooting alleged by Gamez in the Underlying Complaint.

### III.

### Claim for Relief

WHEREFORE, Plaintiff, Nautilus Insurance Company, by counsel, prays for a declaration adjudging as follows:

    a. That Nautilus owes no duty to defend or indemnify Steven Johnson and B.B.D. Management, LLC, Too Much Temptations, Inc. and/or any of its owners, incorporators or shareholders under the terms of the Nautilus policy number NN486910 in response to the Underlying Complaint and any claim or lawsuit that has been or may be made or filed by Daniel Gamez arising out of the March 11, 2015 incident;

    b. That there is no coverage under the Nautilus policy for any claim that has been or may be made or filed by Daniel Gamez arising out of the March 11, 2015

shooting on the basis that the incident did not result in "bodily injury" caused by an "occurrence," and/or on the basis of the policy's "All Assault or Battery" exclusion and/or the "Weapons" exclusion;

 c. That B.B.D. Management, LLC is not an insured under the terms of the applicable Nautilus policy;

 d. That Steven Johnson and B.B.D. Management, LLC are not afforded coverage by the Nautilus CGL policy for punitive damages based upon the clear and unambiguous terms of the exclusion of punitive or exemplary damages; and

 e. That Nautilus is entitled to costs and all other just and proper relief.

    Respectfully submitted,

    HINSHAW & CULBERTSON LLP

By: s/ Scott B. Cockrum
   Scott B. Cockrum (20840-45)
   Attorneys for Plaintiff NAUTILUS INSURANCE COMPANY
   322 Indianapolis Blvd., Suite 201
   Schererville, IN 46375
   Phone No.: 219-864-5051
   Fax No. 219-864-5052
   E-mail Address: scockrum@hinshawlaw.com