UNITED STATES DISTRICT COURT
NORTHERN DISTRICT INDIANA

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN JOHNSON, B.B.D. MANAGEMENT LLC d/b/a TOO MUCH TEMPTATIONS, and DANIEL GAMEZ,<br><br>Defendants. | CAUSE NO.: 2:17-CV-301-TLS |

**OPINION AND ORDER**

Defendant Daniel Gamez ("Gamez") filed a state court suit against Defendants Steven Johnson ("Johnson") and B.B.D. Management, LLC, d/b/a Too Much Temptations ("B.B.D."), for damages sustained during a shooting at B.B.D.'s premises on March 11, 2015. The Plaintiff, Nautilus Insurance Company, has filed a Complaint for Declaratory Judgment [ECF No. 1]. On September 22, 2017, the Clerk entered a Default Judgment against Defendants Johnson and B.B.D. [ECF No. 9].

On May 8, 2018, the Plaintiff filed a Motion for Summary Judgment [ECF No. 14], seeking judicial determination that: (1) Nautilus owes no duty to defend or indemnify Johnson and B.B.D. Management, LLC and/or any of its owners, incorporators or shareholders under the terms of the Nautilus policy number NN175053 in response to the Underlying Complaint and any claim or lawsuit that has been or may be made or filed by Daniel Gamez arising out of the March 11, 2015 incident/shooting; (2) There is no coverage under the Nautilus policy for any claim that has been or may be made or filed by Daniel Gamez arising out of the March 11, 2015 incident on the basis that the attack did not result in "bodily injury'' caused by an "occurrence," and/or on the basis of the policy's "All Assault or Battery" exclusion and/or the "Weapons"

exclusion; and (3) There is no coverage under the Nautilus policy for any claim for punitive damages due to the punitive damages exclusion of the policy.

As Defendants Johnson and B.B.D. are in default, they did not dispute the Motion. Defendant Gamez' response would ordinarily have been due on June 5, 2018. As no response was filed, the Court ordered Defendant Gamez to file any response on or before August 29, 2018, and warned Defendant Gamez that failure to file such a response might result in the Court granting summary judgment in favor of the Plaintiff if the Motion and supporting materials including any undisputed facts show that the Plaintiff was entitled to such a judgment. [ECF No. 17]. Defendant Gamez did not file any response.

## STATEMENT OF FACTS

The following facts are not in dispute. *See* Fed. R. Civ. P. 56(e)(2)("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may…consider the fact undisputed for the purposes of the motion.").

**A.    The Policy**

The Plaintiff issued a Commercial General Liability policy (the "Policy") to B.B.D., with a policy period covering the relevant date. The Policy provided that the Plaintiff was obligated to pay damages, and had a right and duty to defend Defendant B.B.D. Management, because of "bodily injury" to which the insurance applied; and that the Plaintiff was not obligated to pay damages or defend a suit for "bodily injury" to which the insurance did not apply. (*See Policy*, Section I.1.a, ECF No. 1-2.) The Policy further provided that "[t]his insurance applies to 'bodily injury' . . . only if: (1) The 'bodily injury' . . . is caused by an 'occurrence' that takes place in the 'coverage

2

territory'." (*Id*. at 1.1.b(1)). "Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (*Id*. at V.13).

The Policy also specifically excludes coverage for any assault or battery. (*Id*. at "Exclusion – All Assault or Battery," p. 31). The Policy specifies that "[r]egardless of culpability or intent of any person, this insurance does not apply to 'bodily injury' . . . arising out of any: 1. Actual or alleged assault or battery; 2. Physical altercation; or 3. Any act or omission in connection with the prevention or suppression of such acts, including the alleged failure to provide adequate security." (*Id*.) The exclusion applies regardless of whether the damages are caused by the insured, an employee, a patron, or any other person. (*Id*.) The exclusion specifically applies to:

1. All causes of action arising out of any assault or battery, or out of a physical altercation including, but not limited to, allegations of negligent hiring, placement, training, or supervision, or to any act, error, or omission relating to such an assault or battery, or physical altercation;

2. Any claims or "suits" brought by any other person, firm or organization asserting rights derived from, contingent upon, or arising out of an assault or battery, or a physical altercation; and specifically excludes from coverage claims or "suits" for:

   a. Emotional distress for loss of society, services, consortium or income; or

   b. Reimbursement for expenses including, but not limited to, medical expenses, hospital expenses, or wages, paid or incurred, by such other person, firm or organization; or

3. Any obligation to share damages with or repay someone who must pay damages because of the injury.

(*Id*.). Finally, the exclusion adds that the Plaintiff "will have no duty to defend or indemnify any insured in any action or proceeding alleging damages arising out of any assault or battery, or physical altercation." (*Id*.)

3

In addition to the assault and battery exclusion, the Policy also excluded bodily injury arising out of the use of any weapon, which was defined to include firearms, specifically including but not limited to, any pistol, revolver, shotgun, rifle, or machine gun. (*Id*. at "Exclusion – Weapons," p. 40.) The Policy similarly excludes any claim for punitive damages. (*Id*. at p. 33) ("This insurance does not apply to punitive or exemplary damages.").

**B.     The Underlying Suit**

Defendant Gamez alleges that, on March 11, 2015, he was a business invitee of the gentlemen's club operated by B.B.D. and owned by Defendant Johnson. (*See State Court Compl.*, Cause No. 45D10-1703-CT-00050, ¶¶ 1–5, ECF No. 1-1.) He claims that an employee or other person shot him on the premises of the club, causing severe injuries. (*Id*. ¶¶ 7–8). Defendant Gamez asserts that the shooting was the result of the other Defendants' negligent failure to provide a safe environment and exercise a reasonable care. (*Id*.) Defendant Gamez specifically seeks damages for medical treatment, including bills, care, and other incidental expenses; lost wages; and damages for pain and distress, including emotional distress. (*Id*. at ¶¶ 9–10). He also seeks punitive damages. (*Id*. at p. 3).

## ANALYSIS

**A.     Standard of Review**

Summary Judgment is appropriate when the record before the Court establishes that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the Court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *Id.* at 255.

In deciding issues of insurance coverage, the Court must apply Indiana law for contract interpretation. *See Officer v. Chase Ins. Life and Annuity Co.*, 541 F.3d 713, 715 (7th Cir. 2008) ("When sitting in diversity, we must apply the substantive law of the state as we believe the highest court of that state would apply it when faced with the same issue.") (citing *Allstate Ins. Co. v. Keca*, 368 F.3d 793, 796 (7th Cir. 2004)). An insurance contract "is subject to the same rules of interpretation as are other contracts." *Morris v. Econ. Fire & Cas. Co.*, 848 N.E.2d 663, 666 (Ind. 2006) (citing *USA Life One Ins. Co. of Ind. v. Nuckolls*, 682 N.E.2d 534, 537–38 (Ind. 1997)). As with other contracts, the interpretation of an insurance contract is a question of law. *See Nat'l Fire & Cas. Co. v. West*, 107 F.3d 531, 534 (7th Cir. 1997); *Cinergy Corp. v. Associated Elec. & Gas Ins. Servs.*, 865 N.E.2d 571, 574 (Ind. 2007).

In reviewing policy terms, the Court construes them "from the perspective of an ordinary policyholder of average intelligence." *Allgood v. Meridian Sec. Ins. Co.*, 836 N.E.2d 243, 246–47 (Ind. 2005) (quoting *Burkett v. Am. Family Ins. Grp.*, 737 N.E.2d 447, 452 (Ind. Ct. App. 2000)). If the contract language is clear and unambiguous, it should be given its plain meaning. *See Beam v. Wausau Ins. Co.*, 765 N.E.2d 524, 528 (Ind. 2002).

### B. Policy Coverage

The Policy does not cover Defendant Gamez' suit. The Policy, and thus the duty to indemnify and defend, only applies to claims arising from covered bodily injury. The Policy includes only claims for bodily injury resulting from an occurrence, defined as an accident. The

Policy excludes claims for any act or omission that resulted in a bodily injury from a physical altercation. Defendant Gamez alleges an act or omission (negligence and breach of duty), resulting in a bodily injury (severe wounds) from a physical altercation (a shooting). Thus, the Policy does not cover Defendant Gamez' suit, and the Plaintiff has no duty to indemnify.

Courts have declared judgement for insurance companies when considering similar claims. *Cf. Prop.-Owners Ins. Co. v. Virk Boyz Liquor Stores, LLC*, 219 F. Supp. 3d 868 (N.D. Ind. 2016) (finding against the insurance company on similar language around exceptions dependent on intent and occurrence definitions) *with Nautilus Ins. Co. v. Sunset Strip, Inc.*, Case No. 14-1273, 2015 WL 4545876 (July 28, 2015) (holding in favor of the insurance company that the policy was not illusory coverage, and giving effect to largely identical language, after defendants conceded the language would bar the claim) *and Essex Ins. Co., Inc. v. Good Drinks, LLC*, Case No. 2:12-CV-011-JD, 2013 WL 2425158, *4 (June 4, 2013) (granting summary judgment for the plaintiff insurance company in a declaratory judgment action for a claim resulting from bodily injury during a physical altercation, because policy language "unambiguously exclude[d]" coverage). Even if the bodily injury exclusion did not preclude coverage, the language of the weapons exclusion would; similarly, the explicit language of the punitive damages exclusion precludes Defendant Gamez' claim for that form of relief.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Plaintiff's Motion for Summary Judgment [ECF No. 14] and directs the Clerk to enter DECLARATORY JUDGMENT in favor of the Plaintiff declaring that:

1. There is no coverage under the Policy for any claim that has been or may be made by Defendant Gamez arising out of the March 11, 2015 incident on the basis that the attack did not result in "bodily injury" caused by an "occurrence," and/or on the basis of the policy's exclusion of assault or battery, and/or the exclusions of weapons;

2. The Plaintiff owes no duty to defend or indemnify Defendants Johnson and B.B.D. under the terms of the Policy in response to Gamez' Complaint arising out of the March 11, 2015 incident/shooting; and

3. There is no coverage under the Policy for any claim for punitive damages due to the punitive damages exclusion of the policy.

SO ORDERED on January 17, 2019.

                                         s/ Theresa L. Springmann
                                         CHIEF JUDGE THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT
                                         FORT WAYNE DIVISION